Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

CAUSE NO. C_____-H

| | | |
|---|---|---|
| LETICIA REYES, LAURA VELA AND JENNIFER CABRERA, Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| v. | § § § | 389th JUDICIAL DISTRICT |
| EDINBURG ECONOMIC DEVELOPMENT CORPORATION, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS GILBERT ENRIQUEZ, and MIKE FARIAS Defendants. | § § § § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION

NOW COMES LETICIA REYES, LAURA VELA and JENNIFER CABRERA, (hereinafter referred to as "Plaintiffs") complaining of EDINBURG ECONOMIC DEVELOPMENT CORPORATION, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS, GILBERT ENRIQUEZ, and MIKE FARIAS individually and in their official capacity as council members of the City of Edinburg and as former board members of the Edinburg Economic Development Corporation, and in support thereof would show the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2. Plaintiff Leticia Reyes is a Resident of Hidalgo County, Texas.

3. Plaintiff Laura Vela is a resident of Hidalgo County, Texas.

4. Plaintiff Jennifer Cabrera is a resident of Hidalgo County, Texas.

5. Defendant, Edinburg Economic Development Corporation, a non-profit Development Corporation created under the Texas Development Corporation Act, Texas Local Government Code

DATE 1/23/2020
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#26

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

Chapter 501 et seq, as amended (hereinafter "the Act") whose principal place of business is located at 415 W. University Drive, Edinburg, Hidalgo County, Texas 78541. It may be served with process by serving its registered agent, Ruben Ramirez, at 415 W. University Drive, Edinburg, Hidalgo County, Texas 78541.

6. Defendant Richard Molina is being sued in his individual and official capacity as the Mayor of the City of Edinburg and may be served with process at 415 West University Drive, Edinburg, Texas 78541.

7. Defendant David Torres is being sued in his individual and official capacity as the council member of the City of Edinburg and may be served with process at 415 West University Drive, Edinburg, Texas 78541.

8. Defendant Jorge Salinas is being sued in his individual and official capacity as the council member of the City of Edinburg and as president of the Edinburg Economic Development Corporation. He may be served with process at 415 West University Drive, Edinburg, Texas 78541.

9. Defendant Gilbert Enriquez is being sued in his individual and official capacity as the President of the Edinburg Economic Development Corporation. He may be served with process at 415 West University Drive, Edinburg, Texas 78541.

10. Defendant Mike Farias is being sued in his individual and official capacity as the Vice-President of the Edinburg Economic Development Corporation and may be served with process at 415 West University Drive, Edinburg, Texas 78541.

### III.
### JURIDICTION AND VENUE

11. Jurisdiction of this court is invoked pursuant to 28 USC § 1983. Venue is proper in Hidalgo County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to plaintiff's claim occurred. Tex. Civ. Prac. & Rem. Code §15.002(1).

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

## IV.
## TEXAS RULES OF CIVIL PROCEDURE
## RULE 47 STATEMENT

12. Plaintiffs seeks monetary relief over $200,000 but not more than $1,000,000. The damages sought are within the jurisdictional limits of the court. Plaintiff reserves the right to amend.

## V.
## FACTUAL ALLEGATIONS

13. Plaintiffs Leticia Reyes, Laura Vela, and Jennifer Cabrera were all employees with the Edinburg Development Center (referred hereafter as "Edinburg EDC" or "EDC"). Throughout their employment, the Plaintiffs each performed their employment duties with dedication, loyalty and hard work. Plaintiffs have all received performance appraisals with very high ratings on a yearly basis.

14. In November of 2017, the Edinburg City Council conducted elections which resulted in the seating of a new political majority which comprised of Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, hereinafter referred to as the Molina faction. During their campaign, the Molina faction made numerous statements regarding their intention to terminate, demote and reassigns employees with the City and the EDC who did not openly support the faction.

15. Upon being sworn in, the Molina faction set about a campaign to reward those employees who were related to the Molina faction and those who openly supported them. To accomplish their goal in terminating and retaliating against the non-supporters of the Molina faction, newly elected mayor Richard Molina, along with defendants David Torres and Jorge Salinas, instructed EDC President Gilbert Enriquez and Vice President Mike Farias to dismiss Plaintiffs Leticia Reyes, the Director of Public Affairs and Business Development for the EDC, and Laura Vela, Administrative Assistant to the EDC Executive director, for their lack of loyalty to the Molina faction during the campaign.

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

16. In addition to the dismissal of Plaintiffs Reyes and Vela, Mayor Richard Molina instructed to dismiss Plaintiff Jennifer Cabrera, the EDC Marketing Specialist, for her lack of support. After the plaintiffs were terminated, the Edinburg City Council appointed Mayor Richard Molina, Jorge Salinas, and David Torres to the board of directors of the EDC.

### Plaintiff—Leticia Reyes

17. Plaintiff Leticia Reyes served a long tenure with the EDC and was employed for over ten years prior to her dismissal. Plaintiff Reyes has a Master's in Business Administration and was well qualified for her position. During her time with the EDC, Plaintiff Reyes served under two mayors and never received any negative/adverse action taken against her. Plaintiff Reyes understood that as Director of Public Affairs and Business Development, it was important to stay neutral and not let the political climate sway her decisions.

18. During the Molina faction campaign, Plaintiff Reyes was approached by members of the faction for a monetary political contribution. Her husband is owner of a commercial real estate company who does business within the city of Edinburg. However, Plaintiff Reyes advised her husband not to contribute to the political campaign as it was their desire to stay neutral and not support any candidate running for an elected position in Edinburg.

19. After the city election and the swearing in of the Molina faction to the city council, personnel changes were made at the EDC. On or about December 29, 2017, Plaintiff was called into the EDC's directors office by acting Executive Director Nelda Ramirez, Ms. Ramirez was acting as executive directors since the termination of Agustin Garcia, the individual who held the executive director position in November 2017. Upon entering the office, Plaintiff Reyes was met by EDC attorney Aaron Vela along with Ms. Ramirez. Ms. Ramirez proceeded to inform Plaintiff Reyes that her services were no longer needed. She was informed that the EDC was "broke" and that the EDC

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

was "salary heavy", causing a reduction in the workforce.

20. The week following her dismissal, Plaintiff Reyes came across Defendant Mayor Richard Molina while completing her termination paperwork. Plaintiff Reyes asked Defendant Molina for the reason for her termination. Defendant Molina responded by stating, "Why don't you go work for you husband" knowing that Plaintiff Reyes' husband had refused to give a monetary contribution to the Molina faction political campaign.

21. Political allegiance to the city council was not a job requirement for the position of Director of Public affairs and Business Development in the office of the Edinburg EDC. It was not essential to effective performance of her job that she have political allegiance to the Molina Faction. Being director of Public Affairs and Business Development was not the type of job where political allegiance to the Molina faction was necessary to the effective formation and administration of defendants polices. Plaintiff Reyes was not an employee whose decisions created or implemented polices and whose job duties were ministerial in nature.

22. As previously mentioned, Plaintiff Reyes was not once written up for any performance deficiencies whole director at the EDC. Plaintiff Reyes was terminated, not for legitimate reasons, but because the Molina faction believed that she would throw political support behind anyone who opposed the Molina faction and for her failure to give a monetary contribution to the Molina faction campaign. Throughout her employment with the EDC, Plaintiff Reyes served the citizens of Edinburg and others in an exemplary fashion.

### Plaintiff—Laura Vela

23. During her employment with the Edinburg Economic Development Corporation, Plaintiff Vela served as Administrative Assistant to the EDC Executive Director. During her time, Plaintiff Vela ensured that all policies and procedures were followed relating to the day to day

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

operations of the EDC.

24. During the Molina faction campaign, members of the faction made statements regarding Plaintiff Vela's relation to the opposing party. Plaintiff Vela was directly related to one of candidates who was competing against the Molina faction for a place on the city council.

25. Plaintiff Vela knew that being the relative to a political opponent of Defendant Mayor Molina cause a higher sense of anger and frustration. Several weeks after, on or about December 29, 2017, Plaintiff Vela was called into the director's office after Plaintiff Reyes had been terminated. She too was met by Attorney Aaron Vela and Nelda Ramirez who informed her that her services were no longer needed for the same reasons Plaintiff Vela was dismissed.

26. Like Plaintiff Reyes, political allegiance to the city council was not a job requirement for the position of Administrative Assistant to the EDC executive director. It was not essential to effective performance of her job that she have political allegiance to the Molina faction. Being administrative assistant was not the type of job where political allegiance to the Molina faction would be necessary to the effective formation and administration of the EDC's polices. Plaintiff Vela was not an employee whose decisions created or implemented polices and whose job duties were ministerial in nature. Plaintiff Vela was not terminated for legitimate reasons but was terminated because the Molina faction believed that she would throw political support behind anyone who opposed the Molina faction. Throughout her employment with the EDC, Plaintiff Vela served the citizens of Edinburg and others in an exemplary fashion, even garnering praise from Executive Director Garcia that she did the right thing in implementing policies keeping the mayor from barging into his office.

### Plaintiff—Jennifer Cabrera

27. Plaintiff Jennifer Cabrera served as a marketing specialist for the EDC. During her

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

tenure with the EDC, she assisted Plaintiff Reyes with the daily operations of the EDC. She was in charge of attempting to bring in new clients and business for the city of Edinburg.

28. Upon being sworn in, the new political majority set out to reward those employees who openly supported their faction. Plaintiff Cabrera, however, decided that it was in her best interest not to support any candidate in the 2017 Edinburg City Council election. Subsequent to her refusal to support the Molina faction, they began a course of action which lead to her eventual termination. The Molina faction instructed Defendant Enriquez to keep Plaintiff Cabrera from bringing in new business and instead, make copies and get things for the board. This happened for several months before her dismissal in February 2018.

29. Political allegiance to the city council was not a job requirement for the position of a marketing specialist for the EDC. It was not essential to the effective performance of her job that she have political allegiance to the city council or the Molina faction. This was not the type of job where political allegiance to the Molina faction was necessary to the effective formation and administration of the defendants' polices. Plaintiff Cabrera's job duties were ministerial in nature and whose decisions did not create or implement policies. Nor did she have discretion in the performance of her duties or in selecting what duties to perform that were not severely limited by statute, regulations, or policy determinations made by the defendant or supervisor.

30. Further, she was never written up for any performance deficiencies while she was an employee of the EDC. She was terminated, not for legitimate reason, but because the Molina faction believed that she would put his political support behind anyone who opposed the faction. Just like the other plaintiffs, Plaintiff Cabrera served the citizens of Hidalgo County and others in an exemplary fashion throughout her employment.

## CAUSES OF ACTION
## VI.

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-535519-H

## 42 U.S.C. SECTION 1983

31. Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subject such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. Each of the Plaintiffs have been subjected to the deprivation of their Constitutional rights as set forth below.

## VII.
## VIOLATION OF FIRST AMENDMENT RIGHTS

32. Paragraphs 13 through 30 are incorporated herein by reference. As stated above, all the Plaintiffs restrained their speech on matters of public concern and participated or refrained from participating in political activities away from the job setting which are directly related to their right to freedom of association. Defendants denied Plaintiffs rights of freedom of speech and association under the First and Fourteenth Amendment to the United States Constitution by retaliating against them for exercise of their protection speech and political association. Because the actions causing harm to Plaintiffs were taken by the Edinburg Economic Development Corporation at the direction of city council members David Torres, Jorge Salinas, Gilbert Enriquez, and Mayor Richard Molina, such acts of retaliation against the Plaintiffs for their exercise of their First Amendment Rights formed an official policy of the Edinburg Economic Development Corporation, rendering the corporation liable to Plaintiffs for their actual damages under 42 U.S.C. Section 1983.

## VIII.
## FAIR LABOR STANDARDS ACT VIOLATIONS

33. Plaintiffs incorporate Paragraphs 13 through 30 by reference.

34. 29 U.S.C. Sec. 216(b) allows individual employees the right to bring suit for unpaid wages.

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

## EXEMPLARY DAMAGES

39. Paragraphs 13 through 30 are incorporated herein by reference. Defendant, Edinburg Economic Development Corporation, by and through its elected members, in addition to Defendants Richard Molina, Gilbert Enriquez, Jorge Salinas, David Torres and Mike Farias acted intentionally, willfully, and in wanton disregard of the rights of the Plaintiffs herein. Accordingly, Plaintiffs are entitled to recover from Defendants, the Edinburg Economic Development Corporation, Richard Molina, David Torres, Jorge Salinas, Gilbert Enriquez, and Mike Farias, the individual defendants, in addition to compensatory damages, an award of exemplary damages in an amount to be determined by a Jury, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

## XIII.
## ATTORNEY FEES

40. Pursuant to the federal statutes under which Plaintiffs sue, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this claim on their behalf, and they are entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United State Supreme Court, and costs of Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiffs pray for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiffs' job security and such other and further relief to which Plaintiffs may be entitled.

Electronically Filed
12/30/2019 5:37 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-5355-19-H

Respectfully submitted,

**FLORES & TORRES, LLP**

By: /s/ *David L. Flores*
David L. Flores
Texas Bar No. 24040909
Tony Torres
Texas Bar No. 24051438
118 E. Cano
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
*Attorney for Plaintiffs, Leticia Reyes, Laura Vela and Jennifer Cabrera*