IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LETICIA REYES, LAURA VELA AND JENNIFER CABRERA<br>*Plaintiffs*,<br><br>VS.<br><br>EDINBURG ECONOMIC DEVELOPMENT CORPORATION, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS GILBERT ENRIQUEZ, and MIKE FARIAS<br>*Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 20-cv-36<br>(JURY REQUESTED) |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, EDINBURG ECONOMIC DEVELOPMENT CORPORATION, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS, GILBERT ENRIQUEZ, and MIKE FARIAS, named Defendants in the above styled and numbered matter, and files this their Original Answer to Plaintiffs' Original Petition, and will show as follows. Plaintiffs are Leticia Reyes, Laura Vela, and Jennifer Cabrera, hereinafter referred to by name or as Plaintiffs. Defendant Edinburg Economic Development Corporation will hereinafter be referred to as Defendant EDC. Defendants Richard Molina, David Torres, Jorge Salinas, Gilbert Enriquez and Mike Farias will hereinafter be referred to by name or as Defendants.

### I.
### ORIGINAL ANSWER

1.  Defendants deny each and all of Plaintiffs' allegations except to the extent expressly

admitted herein.

2. Defendants cannot admit or deny the averment contained in paragraph 1 under section I entitled Discovery Control Plan Level. Defendants admit that Plaintiffs seek certain relief in this lawsuit, but deny that Plaintiffs are entitled to any of the relief sought. Defendants deny that any event or omission occurred giving rise to Plaintiffs' claims and the factual allegations contained in this lawsuit.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 4 under section II entitled Parties and Service.

4. Defendants admit in part and deny in part the averments contained in paragraphs 5 through 10 under section II entitled Parties and Service. Defendants admit that Defendant Edinburg Economic Development Corporation is a non-profit Development Corporation created under the Texas Development Corporation Act in the State of Texas located in the City of Edinburg. Defendants deny that Ruben Ramirez is the proper party to be served with process for Defendant EDC, however, Defendant EDC is entering its appearance in this lawsuit. Defendants admit the individually named Defendants have all been served in this lawsuit. Defendants admit Plaintiffs seek certain relief in this lawsuit, but deny that Plaintiffs are entitled to any of the relief sought. Defendants deny that any event or omission occurred giving rise to Plaintiffs' claims and the factual allegations contained in this lawsuit.

5.  Defendants admit in part and deny in part the averments contained in paragraph 11 under section III entitled Jurisdiction and Venue. Defendants deny that jurisdiction and venue are proper in Hidalgo County District Court. Defendants deny that any event or omission occurred giving rise to Plaintiffs' claims, but do admit that Plaintiffs are seeking relief under 28 U.S.C. § 1983 and under the Fair Labor Standards Act, which invokes this Court's federal question jurisdiction. Defendants admit that Plaintiffs' allegations occurred in the City of Edinburg, Hidalgo County, Texas and jurisdiction and venue are proper in the U.S. District Court, Southern District of Texas, McAllen Division.

6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in paragraph 12. Defendants admit that Plaintiffs seek monetary relief, but deny that any event or omission occurred giving rise to Plaintiffs' claims and factual allegations or that Plaintiffs are entitled to any of the monetary relief sought.

7.  Defendants admit in part and deny in part the allegations contained in paragraph 13 under section V entitled Factual Allegations. Defendants admit that Plaintiffs Reyes, Vela, and Cabrera were formerly employed by Defendant EDC. Defendants deny the remainder of the allegations contained in paragraph 13.

8.  Defendants admit in part and deny in part the allegations contained in paragraph 14 under section V entitled Factual Allegations. Defendants admit that the City of

Edinburg had elections for City Council in November 2017. Defendants deny the remainder of the allegations contained in paragraph 14.

9. Defendants deny the allegations contained in paragraphs 15 and 16 under section V entitled Factual Allegations.

10. Defendants deny the allegations contained in paragraphs 17 through 22 under section V entitled Factual Allegations.

11. Defendants deny the allegations contained in paragraphs 23 through 26 under section V entitled Factual Allegations.

12. Defendants deny the allegations contained in paragraphs 27 through 30 under section V entitled Factual Allegations.

13. Defendants cannot admit or deny the averments contained in the first sentence of paragraph 31 under section VI as it is restating a proposition of law. Defendants deny the remainder of allegations contained in paragraph 31.

14. Defendants deny the allegations contained in paragraphs 32 and 33.

15. Defendants cannot admit or deny the averments contained in paragraph 34 under section VIII as it is restating a proposition of law. Defendants deny the remainder of allegations contained in paragraph 34.

16. Defendants deny the allegations contained in paragraph 35. Defendants admit that Plaintiffs seek certain relief in paragraph 35, but deny that Plaintiffs are entitled to any of the relief sought.

17. Defendants deny the allegations contained in paragraph 36 under section IX entitled Individual Liability.

18. Defendants deny the allegations contained in paragraph 37 under section X entitled Actual Damages. Defendants admit that Plaintiffs seek certain relief in paragraph 37, but deny that Plaintiffs are entitled to any of the relief sought.

19. Defendants deny the allegations contained in paragraph 38 under section XI entitled Compensatory Damages. Defendants admit that Plaintiffs seek certain relief in paragraph 38, but deny that Plaintiffs are entitled to any of the relief sought.

20. Defendants deny the allegations contained in paragraph 39 under section XII entitled Exemplary Damages. Defendants admit that Plaintiffs seek certain relief in paragraph 39, but deny that Plaintiffs are entitled to any of the relief sought.

21. Defendants deny the allegations contained in paragraph 40 under section XIII entitled Attorney Fees. Defendants admit that Plaintiffs seek certain relief in paragraph 40, but deny that Plaintiffs are entitled to any of the relief sought.

22. Defendants deny the allegations contained in prayer paragraph of Plaintiffs' Original Petition. Defendants admit that Plaintiffs seek certain relief in this lawsuit, but deny that Plaintiffs are entitled to any of the relief sought.

## II.
## AFFIRMATIVE DEFENSES

23. Defendants would show that there has been no violation of the Plaintiffs' constitutional rights.

24. To the extent Plaintiffs assert state law claims against Defendants, then any such claims are barred by the Texas Tort Claims Act, chapter 101 of the TEX. CIV. PRAC. & REM. CODE.

25. In the alternative, Defendants would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.023, 101.024, 101.025, 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

26. Defendants would further show that the individual Defendants are entitled to qualified immunity from liability under 42 U.S.C. §1983.

27. Without waiving the foregoing, Defendants would should that at all times, Defendants acted with a legitimate, non-discriminatory purpose.

28. Without waiving the foregoing, Defendants will show that Defendants would have taken the same action against the Plaintiffs based solely on information, observation, and evidence that was not related to the Plaintiffs' alleged protected activities.

29. Defendants would show that Defendant EDC and Defendants Molina, Torres, Salinas, Enriquez, and Farias in their official capacities are immune from liability for punitive or exemplary damages under 42 U.S.C. section 1983 as set forth in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

30. To the extent Plaintiffs' claim for punitive/exemplary damages is governed by state law, then any such damages are limited by chapter 41 of the TEX. CIV. PRAC. & REM.

CODE. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution, article 1, section 13 and 19, the Due Course of Law clause.

31. Defendants would show that any loss or damages alleged by Plaintiffs, if any, were caused in whole or in part by Plaintiffs' failure to use reasonable efforts to mitigate their damages. Specifically, a plaintiff alleging wrongful termination has a duty to mitigate damages by making a good faith effort to obtain and retain employment.

32. Plaintiffs are not entitled to attorney's fees because Plaintiffs are not a prevailing party, and Defendants are entitled to their attorney's fees pursuant to 42 U.S.C. § 1988.

## III.
## RESERVATIONS

Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendants reserve their right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendants may deem proper.

## IV.
## JURY DEMAND

Defendants hereby request a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS EDINBURG ECONOMIC DEVELOPMENT CORPORATION, RICHARD MOLINA, DAVID TORRES, JORGE SALINAS, GILBERT ENRIQUEZ, and MIKE FARIAS, pray that upon final trial and hearing hereof, Plaintiffs take nothing by this suit, that Defendants recover all costs incurred herein, including reasonable and necessary attorney's fees and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on February 6, 2020.

    Respectfully submitted,

/s/ Heather Scott
Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerraleeds.com
*Of Counsel*

R.D. "Bobby" Guerra
*Attorney In Charge*
State Bar No. 08578640
USDC Adm. No. 5949
Email: RDGuerra@guerraleeds.com

GUERRA, SABO
& HERNANDEZ, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
*Of Counsel*
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has on February 6, 2020, been forwarded to opposing counsel of record as noted hereunder:

*Via Electronic Notice*
Mr. David L. Flores
Flores & Torres, L.L.P
118 East Cano
Edinburg, Texas 78539

                                            By: /s/ Heather Scott
                                                  Heather Scott